UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMARCUS PRUIETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1813-SPM |
| ) | |
| JANE DOE, JOHN DOE & ) | |
| PROCTOR & GAMBLE MFG. CO., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to voluntarily dismiss all claims against all Defendants without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 14). Defendant Procter & Gamble Manufacturing Company ("P&G") filed a response to the motion requesting that the Court dismiss Plaintiff's claims with prejudice, or in the alternative, condition dismissal of Plaintiff's claims without prejudice upon payment of P&G's costs and fees associated with its defense of the action. (Doc. 15). For the reasons stated below, the Court grants Plaintiff's motion to dismiss without prejudice. However, the Court imposes the condition that, should Plaintiff re-file this cause of action against P&G, Plaintiff shall pay the costs and reasonable attorneys' fees that were incurred by P&G in defending this case, to the extent that such costs and fees were not for work that may be reused in the subsequent litigation.

**I.     BACKGROUND**

Plaintiff filed this suit against P&G on August 24, 2012 in the 22nd Judicial Circuit Court of the City of St. Louis, Missouri, alleging that he was working on a sidewalk on P&G's

premises when he slipped and fell on ice. (Doc. 1-1). P&G removed the case to this Court on October 5, 2012 and filed its answer on the same day. (Docs. 1, 3).

On January 18, 2013, Plaintiff moved to dismiss this case without prejudice, pursuant to Rule 41(a)(2). (Doc. 14). In his memorandum in support of his motion to dismiss, Plaintiff stated that he originally believed that the property on which he fell was owned and/or controlled by P&G, noting that his employer, in its Report of Injury to the Division of Worker's Compensation, listed the site of the occurrence of Plaintiff's injury as P&G's address. (Doc. 16, Exhibit A; Doc. 3, ¶ 4). Plaintiff states that upon closer evaluation and examination of the facts, it appears that Plaintiff's fall likely occurred on a property directly adjacent to P&G's property and that therefore Plaintiff does not believe it advisable to continue with a cause of action against P&G. However, he states that there is no way to know whether P&G may have had some role in the clearing or abatement of the ice on the sidewalk on which Plaintiff fell.

## II. DISCUSSION

Rule 41(a)(2) allows an action to be dismissed at a plaintiff's request by court order after an answer has been filed "on terms that the court considers proper." Such a dismissal is without prejudice unless the court order states otherwise. It is well-established that "[m]otions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Witzman v. Gross*, 148 F.3d 988, 991-92 (8th Cir.1998) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). In exercising its discretion, a court should consider the following factors:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Witzman*, 148 F.3d at 992 (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

Here, these factors weigh in favor of granting Plaintiff's motion to dismiss without prejudice. Although P&G has incurred some legal fees and costs, even P&G acknowledges that "this case is still in its infancy." (Doc. 15, at 1). P&G has filed an answer, but no substantive motions have been filed, and it does not appear to the Court that the parties have engaged in extensive discovery activities. In addition, the Court does not find excessive delay or lack of diligence on the part of Plaintiff. Less than five months elapsed from the date Plaintiff filed his Complaint to the date Plaintiff filed the instant motion, and only three and a half months elapsed from the date P&G removed this case to federal court to the date Plaintiff filed the instant motion. Plaintiff has an explanation for his need for a dismissal: he explains that at the time he filed suit against P&G, he believed that his fall had occurred on P&G's property, noting that his employer had indicated in its Report of Injury Form to the Division of Worker's Compensation that the fall had occurred on P&G's premises and that, prior to the lawsuit P&G did not deny that the incident occurred on its property. No motions for summary judgment have been filed. In light of these factors, the Court finds dismissal without prejudice appropriate. *See Bonner v. Daybreak Express, Inc.*, No. 4:11CV1047CDP, 2012 WL 262678, at *2 (E.D. Mo. Jan. 27, 2012) (granting a motion to dismiss without prejudice under Rule 41(a)(2) where the case was "in its early stages and discovery has been minimal," "only six months passed between the filing of [the plaintiff's] complaint and [the motion to dismiss]," the plaintiff had provided sufficient explanation of the need for dismissal, and no motion for summary judgment or other significant motion had been filed).

P&G further argues that, if the case is dismissed without prejudice, such dismissal should be conditioned on the Plaintiff's payment of the costs and fees incurred by P&G in the defense of the action. (Doc. 15, at 2-3). As P&G correctly points out, upon granting a voluntary dismissal,

3

the court has the authority to award costs to a defendant that were incurred in defending the action prior to the dismissal. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001). The court may also impose the condition that the plaintiff pay the defendant the reasonable attorneys' fees incurred in defending the suit. *See Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). Alternatively, the Court may grant the voluntary dismissal but order that, if the plaintiff chooses to re-file the action against the defendant at a later date, the plaintiff must then pay the defendant's fees and costs associated with the dismissed action. *See Core v. Sw. Bell Tele. Co.*, 847 F.2d 497, 498 (8th Cir. 1988) (approving the district court's conditioning of voluntary dismissal without prejudice on the plaintiff's payment of fees and costs if a case was re-filed in state or federal court); *Reddy v. Rallapally*, 103 Fed. App'x 65, 66 (8th Cir. 2004) (same); *Bonner*, 2012 WL 262678, at *3 (granting a plaintiff's motion to dismiss without prejudice but ordering that, if plaintiff re-files the same cause of action, plaintiff shall pay defendants the expenses, costs, and attorneys' fees they incurred in the first cause of action); *Am. Equity Mortg., Inc. v. Vinson Jr.*, No. 4:05CV01529RWS, 2007 WL 1862987, at *2 (E.D. Mo. June 28, 2007) (granting plaintiff's motion to dismiss without prejudice on the condition that, if the case is re-filed, the plaintiff shall pay the reasonable fees and costs incurred by the defendants in defending the first case).

In this case, the Court acknowledges that an unconditional dismissal could prejudice P&G, because Plaintiff could re-file the same claims against P&G he dismissed in the instant action, thereby imposing duplicative expenses upon P&G. The Court therefore finds that, if Plaintiff re-files this action in state or federal court in the future, Plaintiff will be required to pay the costs and reasonable attorneys' fees P&G expended in the present action, less any expenses P&G incurred in the instant action for work that can be reused in the subsequent litigation. *See,*

*e.g.*, *Bonner*, 2012 WL 262678, at *2.  This condition will adequately protect P&G from the burden of defending the same cause of action multiple times.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss without prejudice (Doc. 14) is **GRANTED**.  A separate order of dismissal is entered this same date.

**IT IS FURTHER ORDERED** that, in the event Plaintiff re-files this same cause of action against P&G, whether in state or federal court, Plaintiff shall pay P&G the costs and reasonable attorneys' fees it incurred in the instant cause of action, except for any expenses for work that can be used in the subsequent litigation.

**IT IS FURTHER ORDERED** that, within ten (10) days of Plaintiff's re-filing this same cause of action against P&G, P&G shall file with this Court a statement of costs and reasonable attorneys' fees for which it seeks reimbursement.  This Court will then determine the amount of reasonable fees and costs to be awarded.

    /s/Shirley Padmore Mensah
    SHIRLEY PADMORE MENSAH
    UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2013.